UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY SPEARS,

    Petitioner,

v.                                     Case No. 8:04-cv-1042-T-27TBM

JAMES McDONOUGH,[1]

    Respondent.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging 2002 convictions for carjacking with a firearm, robbery with a firearm, and possession of a firearm by a convicted felon entered in the Twelfth Judicial Circuit Court, Sarasota County, Florida (Dkt. 1). Respondent filed a response to the petition (Dkt. 8), and Petitioner filed a reply to Respondent's response (Dkt. 10). The matter is now before the Court for consideration on the merits. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a).

## Background

On May 23, 2002, Petitioner was charged by Amended Information with one count of conspiracy to commit carjacking with a firearm and/or robbery with a firearm, two counts of robbery with a firearm, one count of carjacking with a firearm, one count of attempted

---

[1] James McDonough, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

carjacking with a firearm, and one count of possession of a firearm by a convicted felon. (Dkt. 8, Ex. 3 at 5-8). The carjacking counts were based on Petitioner's taking of the motor vehicle belonging to Shawn Ramos. The two robbery counts were based on Petitioner's taking of car keys and/or currency from the persons or custody of Shawn Ramos and Stephen Lee.

On May 29, 2002, Petitioner entered a nolo contendere plea to Robbery with a Firearm, Carjacking with a Firearm, and Possession of a Firearm by a Convicted Felon. On that date, Petitioner was sentenced to fifteen years in the Florida Department of Corrections on all counts concurrent with a ten year minimum mandatory sentence imposed on the robbery and carjacking convictions and a three year minimum mandatory imposed on the possession of a firearm conviction. He did not file a direct appeal.

On January 21, 2003, Petitioner filed a Motion for Postconviction Relief and memorandum of law in support, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Dkt. 8, Ex. 1-2). Petitioner's sole claim for relief was that his plea to armed robbery and armed carjacking was obtained by a plea of guilty that was not made voluntarily with the understanding of the law and the nature of the charges. He alleged his convictions for both armed robbery and armed carjacking, even though they involved separate victims and the taking of different property, violated his constitutional double jeopardy rights because the offenses constituted one continuous act. On January 28, 2003, the state postconviction court issued a written order summarily denying relief. (Dkt. 8, Ex. 3). Petitioner did not appeal the denial of his Motion for Postconviction Relief.

On June 6, 2003, Petitioner filed an Amended Motion for Postconviction Relief and a

Motion to Reinstate 3.850 Proceedings. (Dkt. 8, Ex. 4-5). Petitioner asserted an additional claim, that his convictions for armed robbery and armed carjacking violated double jeopardy. On June 11, 2003, the court entered an order summarily denying the amended Rule 3.850 motion. (Dkt. 8, Ex. 6). Petitioner filed a Notice of Appeal of the trial court's June 11, 2003 order denying his amended Rule 3.850 motion. (Dkt. 8, Ex. 7). The trial court's decision was affirmed on December 19, 2003, per curiam (Dkt. 8, Ex. 9). *See Spears v. State*, 869 So.2d 556 (Fla. 2d DCA 2003). The appellate court's mandate was issued on February 4, 2004. (Dkt. 8, Ex. 11).

Petitioner filed his request for federal habeas relief on May 4, 2004, asserting the two claims he raised in his amended Rule 3.850 motion, discussed *infra*.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

"In the post AEDPA era, [federal habeas courts] do not conduct an independent review of claims that have been addressed on the merits by the state courts." *Breedlove v.*

*Moore*, 279 F.3d 952 (11th Cir. 2002). Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002).

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## Discussion

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Respondent acknowledges that Petitioner's claims are properly exhausted and that his petition is timely, but maintains that he is not entitled to relief under §2254. Having reviewed the record, the parties' arguments, applicable statutes, and controlling case law, the Court agrees that Petitioner is not entitled to relief under §2254 on the merits of his claims, but disagrees that Petitioner's petition is timely[2].

The present petition is untimely pursuant to 28 U.S.C. § 2244(d) as amended by the AEDPA. According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a §2254 federal habeas petition. In this case, Petitioner's convictions and sentence became final on June 28, 2002, thirty (30) days after his sentencing on May 29, 2002.[3] Therefore, Petitioner had until June 28, 2003, at the latest to file his federal petition, absent any collateral applications in state

---

[2] "[A] concession of timeliness that is patently erroneous does not compromise the authority of a district court to dismiss sua sponte a habeas petition that is untimely, under AEDPA, which was enacted to promote finality of state criminal judgments." *Day v. Crosby*, 391 F.3d 1192 (11th Cir. 2004).

[3] In Florida, a criminal defendant has 30 days from the date judgment is entered to file a notice of appeal. *See* Fla R. App. P. 9.110(b); *see also Bridges v. Johnson*, 284 F.3d 1201, 1202-03 (11th Cir. 2002) (holding that judgment and sentence become final on date time for seeking direct review in state court expires); *Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988).

court which would toll the statutory period. *See Wilcox v. Fla. Dept. Of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied,* 531 U.S. 840, 121 S. Ct. 103, 148 L. Ed. 2d 62 (2000).

The limitations period ran for 206 days, until Petitioner properly filed his Rule 3.850 motion on January 21, 2003. On January 28, 2003, the trial court denied the motion, and Petitioner had thirty (30) days from that date, February 27, 2003, to file an appeal. *See* Fla. R. App. P. 9.140(b)(3) and Fla. R. Crim. P. 3.850(g); *see also Izquierdo v. State*, 935 So. 2d 1243, 1244 (Fla. 5th DCA 2006)("Florida Rule of Appellate Procedure 9.140(b)(3) and Florida Rule of Criminal Procedure 3.850(g) both provide that a defendant has thirty days to file an appeal of the denial of a post-conviction motion."). Petitioner did not appeal.

The AEDPA time-clock is stopped during the time a "properly filed" application for state post-conviction or other collateral review is "pending" in state court. See 28 U.S.C. §2244(d)(2); *Wade v. Battle*, 379 F. 3d 1254, 1259 (11th Cir. 2004). Once Petitioner's post-conviction motion was denied, and the time for filing an appeal expired, his post-conviction motion was no longer "pending" and, accordingly, the limitations period was no longer tolled. *See Webster v. Moore*, 199 F.3d 1256, 1257 (11th Cir. 2000); *cert denied*, 531 U.S. 991, 121 S. Ct. 481, 148 L. Ed. 2d 454 (2000)(finding that even "properly filed" state-court petitions must be "pending" in order to toll the AEDPA one-year limitation period for federal habeas petitions); *see also Moore v. Crosby*, 321 F.3d 1377, 1380 (11th Cir. 2003)(tolling continues under §2244(d)(2) while the petitioner appeals the denial of a state application in state court). Therefore, the time began to run again on February 28, 2003, and continued to run until Petitioner's June 6, 2003 Amended Motion for Postconviction Relief

6

and Motion to Reinstate 3.850 Proceedings again tolled the limitations period. At that point, another 98 days had run.

The time began to run again on February 4, 2004, when the mandate issued on his postconviction appeal[4], and continued for 89 days until Petitioner signed the instant federal petition on May 4, 2004, 28 days after the deadline. Therefore, Petitioner's §2254 petition is untimely.

Even if the petition were not time-barred, a review of the record demonstrates that Petitioner's claims have no merit. Under 28 U.S.C. §2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this Court's review of the state court's factual findings must be highly deferential to the merits of the claims. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove*, 279 F. 3d at 960-961.

---

[4] *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000)(noting that the statute of limitations was tolled until the mandate issued from the state court of appeals' order denying a rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief).

Respondent's arguments and citations on the merits of the claims are persuasive, and the Court adopts and incorporates the arguments on each of the claims herein.

**Conclusion**

Reading Petitioner's petition in a liberal fashion, given this chronology of events, the Court concludes that his request for federal habeas relief is due to be denied because Petitioner failed to file his petition within the requisite one-year period of limitation. *See* 28 U.S.C. §2244(d). Moreover, Petitioner's claims fail to demonstrate entitlement to relief under §2254. Because the petition is procedurally barred by AEDPA's one-year limitation period, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE AND ORDERED** in Tampa, Florida, on _July 27th_, 2007.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*/Counsel of Record